| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| CENTRALIAN CONTROLS PTY, LTD. | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:16-CV-37 |
| MAVERICK INTERNATIONAL, LTD. | § § | |
| Defendant. | § § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. Doc. No. 60. Pending before the court is Defendant Maverick International, Ltd.'s (Maverick) "Motion for Summary Judgment on Limitations and, Alternatively, for Partial Summary Judgment on Fraud." Doc. No. 49. The court has received and considered the report (Doc. No. 67) of the magistrate judge, recommending the court grant in part and deny in part Maverick's motion for summary judgment. Maverick filed timely objections (Doc. No. 69) to the report and recommendation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(C) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Maverick first objects that the magistrate judge should have concluded that the discovery rule does not apply as a defense to the statutes of limitation because Centralian Controls Pty, Ltd.'s (Centralian) injury was not inherently undiscoverable despite due diligence. Doc. No. 68, at 1–5.[1] The magistrate judge devoted considerable analysis to this issue (Doc. No. 67, at 8–10) and held that a reasonable juror could conclude that the injury was inherently undiscoverable on a categorical basis despite due diligence. *Id*. at 9. Maverick implies that the magistrate judge used a subjective standard instead of objective standard to analyze the "type of injury" that was *categorically* undiscoverable despite due diligence. Doc. No. 68, at 4–5. Re-stenciled nameplates and forged MTRs are the types of injuries that may be categorically undiscoverable despite due diligence by any company receiving goods. The fact that Centralian did not discover the alleged fraud is not a factor, and the magistrate judge did not treat it as such. Accordingly, the magistrate judge's analysis is correct, and the objection is overruled.

Next, Maverick objects that the magistrate judge's report omits from its analysis of fraudulent concealment that "'actions of fraudulent concealment' do not lead to a blank check or open-ended suspension of the statute of limitations." *Id*. at 5. The magistrate judge concluded that "Centralian has raised a fact issue on each element of fraudulent concealment, [thus] the fraudulent concealment defense should proceed to the trier of fact. Accordingly . . . fraudulent concealment *may* apply to toll the statutes of limitation." Doc. No. 67, at 12 (emphasis added).

---

[1] Maverick's first objection also claims that the magistrate judge concluded, "as a matter of law, the accrual date of all causes of action alleged is November 2005." Doc. No. 68, at 1 (citing Doc. No. 67, at 7). As is evident from the context of the magistrate judge's report (Doc. No. 67, at 7–10), however, and the report later clarifies, "[t]he court cannot determine, as a matter of law, the accrual date of Centralian's cause of action because the discovery rule may apply, and Centralian's reasonable diligence under the rule is a question best left for the trier of fact." *Id*. at 10 (footnote omitted). The court overrules Maverick's objection and adopts the magistrate judge's report as clarified because Centralian's defenses may defer accrual and/or toll the statutes of limitation.

This conclusion is not at odds with Maverick's objection. In the instant case, *when* the statutes of limitation began to run is a question for the trier of fact, as Centralian raised a genuine dispute of material fact on each element of fraudulent concealment. Maverick's objection is overruled.

Finally, Maverick argues that it conclusively established Centralian could not prove the elements for its fraud and fraud-by-nondisclosure claims because Maverick was, at worst, *negligent* in relying on representations T-3 made about the performance capabilities of modified Class 600 valves and their "functional[] fit[ness]" to serve like unmodified Class 900 valves. Doc. No. 68, at 6–8. The magistrate judge explicitly analyzed and rejected both of these arguments. *See* Doc. No. 67, at 15. For the reasons outlined by the magistrate judge, Centralian demonstrated that there is a genuine dispute of material fact on each of the elements for its fraud and fraud-by-nondisclosure claims, and Maverick's objection is overruled.

It is **ORDERED** that Maverick's objections (Doc. No. 68) are **OVERRULED**; the magistrate judge's report and recommendation (Doc. No. 67) is **ADOPTED**; and Maverick's "Motion for Summary Judgment on Limitations and, Alternatively, for Partial Summary Judgment on Fraud" (Doc. No. 49) is **GRANTED in part** and **DENIED in part**. Summary judgment is **GRANTED** in favor of Maverick on Centralian's equitable estoppel defense. Summary judgment is **GRANTED** in favor of Maverick on Centralian's breach of warranty claim. In all other aspects, Maverick's motion is **DENIED**.

SIGNED at Beaumont, Texas, this 20th day of March, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE