|                                    |   |                              |
|------------------------------------|---|------------------------------|
| UNITED STATES DISTRICT COURT       |   | EASTERN DISTRICT OF TEXAS    |

CENTRALIAN CONTROLS PTY, LTD, §
　　　　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　　　　§
versus　　　　　　　　　　　　　　§　　CIVIL ACTION NO. 1:16-CV-37
　　　　　　　　　　　　　　　　　§
MAVERICK INTERNATIONAL, LTD., §
　　　　　　　　　　　　　　　　　§
　　　　　Defendant. §

**MEMORANDUM AND ORDER**

Pending before the court are Plaintiff Centralian Controls' Pty Ltd ("Centralian") Motion in Limine (#77-11) and Defendant Maverick International's, Ltd. ("Maverick") Motion in Limine (#77-12), wherein the parties request that the other party approach the bench before attempting to offer evidence relating to certain identified subjects. Both parties have filed objections to certain requests. Doc. Nos. 81, 87. Having considered the submissions of the parties and the applicable law, the court is of the opinion that Centralian's and Maverick's Motions in Limine should be granted in part and denied in part.

I.　　Motions in Limine

　　　**[Form: MotLimine.wpd]**　　A motion in limine "is not a definitive ruling on the admissibility of evidence." *Pact XPP Tech.*, *AG v. Xilinx*, *Inc.*, No. 2:07-CV-563-RSP, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012); *see Craig v. Director*, *TDCJ-CID*, No. 5:07-CV-167, 2013 WL 4711483, at *10 (E.D. Tex. Aug. 30, 2013). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *Craig*, 2013 WL 4711483, at *10. The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are

frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues. *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002). Motion in limine rulings "are not binding on the trial judge, however, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

II.  Centralian's Motion in Limine

Centralian's Motion in Limine No. 1: "Any statements as to causes of action not actually pled in Defendant's live pleading in this lawsuit. Reference to such hypothetical causes of action would only confuse and mislead the jury, the probative value of the statements, if any, would be substantially outweighed by its prejudicial effect, and the prejudicial effect could not be cured by instruction. FED. R. EVID. 403."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 2: "Prior to the time the Court rules on the law applicable to this case, any statement concerning the law other than the burden of proof and basic legal definitions counsel believe to be applicable."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 3: "Any comment or argument that some witness or person not under the control of Centralian was not called by Centralian to testify."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 4: "Any statement or mention to the jury concerning the probable testimony of a witness who is absent, unavailable, not called to testify in this cause, not permitted to testify in this cause for any reason, and/or is not under the control of a party."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 5: "Any attempt to introduce or otherwise refer to any evidence or testimony of any witness not timely, fully and accurately designated or disclosed in pre-trial discovery and in accordance with the Federal Rules of Civil Procedure and this Court's prior rulings."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 6: "Any comment made by Defendant or its counsel asking the jury to put themselves in Defendant's shoes."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 7: "Any expert report that is unreliable, irrelevant, or unqualified expert testimony under Federal Rules of Evidence 701-703 and 403."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 8: "Any attempt by Defendant's attorneys to seek or request that counsel for Centralian produce documents, stipulate to any fact, or make any sort of agreement in the presence of the jury."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 9: "Any mention of compromise or offers to compromise the claims in the lawsuit, as defined in Rule 408 of the Federal Rules of Evidence. Such evidence is immaterial and irrelevant to any issue in this cause and would be prejudicial and irreparably harmful to Centralian if such evidence is offered to the jury."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 10: "Any reference to exhibits to which this Court has sustained an objection by Centralian."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 11: "Any reference to the filing of this Motion in Limine or to any ruling by the Court on this Motion in Limine."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 12: "Any reference or statement to the jury that the Court has the ability to reduce the amount of any jury award but cannot raise the amount of such award."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 13: "Showing any document, photograph, or visual aid to the jury or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same [has] been tendered to Centralian's counsel and admitted in evidence or approved for admission or use before the jury."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 14: "Any transactions with or conversations between Centralian and its attorneys that are protected by the attorney-client privilege. FED. R. EVID. 502."

GRANTED, as unopposed.

Centralian's Motion in Limine No. 15: "Any argument or suggestion that the Modified Valves were [as] 'functionally fit' as Class 900 valves. As the Court noted, Maverick has cited no law that a substituted product being 'functionally fit' is a defense to any of Centralian's claims. Report and Recommendation (Doc. 67) at p. 14. In addition, the 'functionally fit' argument does not attack any of the elements of any of Centralian's causes of action."

DENIED.

Centralian's Motion in Limine No. 16: "Any opinion testimony from Maverick's expert, Neal Adams, that exceeds the opinions identified in his expert report, which is attached as Exhibit A. In his deposition, Mr. Adams expressed numerous opinions not contained in his report. For example, Mr. Adams opined that Tom Stockton of THP was aware that the valves had been modified because '[i]t just seems unlikely to me that he's going to buy valves that he's not going to have an understanding of those valves and what's going to be done to them.' Adams Deposition at p. 106, l. 10 – 20, attached as Exhibit B. Mr. Adams also revealed that Phil Morrell of GPA knew the valves were modified '[b]ecause he was big buddies with Tom Stockton, big family, going all over Australia, touring-type buddies.' *Id.* at p. 105, l. 4 – 16. An expert witness is not entitled to testify to matters not identified in the expert report. In addition, Mr. Adams does not

5

possess the education, training and experience to render an admissible opinion on who knew what when."

GRANTED.

Centralian's Motion in Limine No. 17: "Any testimony or reference to the alleged 'T3 procedure' for modifying valves from a lower pressure class to a higher pressure class, if any such 'procedure' ever existed at all. No written procedure has ever been produced. No witness with actual experience with any such procedure has testified about any such procedure. As such, any testimony about any alleged procedure would be speculation based on hearsay. Moreover, any testimony about the alleged procedure would be irrelevant and misleading. The valves were required to conform to API 6D. It is undisputed that API 6D does not allow a valve to be 'reclassified' from a lower class to a higher class."

DENIED.

III. Maverick's Motion in Limine

Maverick's Motion in Limine No. 1: "That this Motion has been filed or any ruling by the Court in response to this Motion, suggesting or inferring to the Jury that the Defendant has moved to prohibit proof or that the Court has excluded proof of any particular matter."

GRANTED, as unopposed.

Maverick's Motion in Limine No. 2: "Any reference by Defendant to the specific identity of any organizations or individuals represented by Defendant's counsel."

GRANTED in PART and DENIED in PART. The parties shall approach the bench before making reference to defense counsel's representation of individuals or entities other than defense counsel's representation of Maverick in this case.

Maverick's Motion in Limine No. 3: "Any reference or argument by any party that the Defendant has failed to call a witness to testify in the trial unless such witness is under the control of the Defendant or has some type of special relationship to the Defendant."

GRANTED, as unopposed.

Maverick's Motion in Limine No. 4: "There shall be no references to API standards which were not in effect in the 2004/2005 time periods. For instance, Centralian has suggested that current API standards require that there only be one entity that can be called the 'manufacturer' of a valve. Informing the jury of (alleged) current API standards that were not in effect in 2004/2005 would have the effect of confusing the jury and causing the jury to hold Maverick to a standard of conduct that was not actually in effect at the time of the transactions complained of."

DENIED, but no party may argue that an API standard that was not in effect in 2004-2005 is applicable to this case.

Maverick's Motion in Limine No. 5: "There should be no attempt to introduce inadmissible hearsay evidence. There is no competent testimony from any witness employed by SEA Gas, nor from any member of the Australian government or any Australian regulatory agency, nor from any lawyer who was involved in the negotiation or settlement of the 2014 claim.

As such, there is no admissible evidence on any of the important subjects listed below (among others)."[1]

DENIED. The parties are instructed, however, to follow the Federal Rules of Evidence.

<u>Maverick's Motion in Limine No. 6</u>: "There should be no reference to Centralian having paid '750,000 dollars' as it will be very misleading to the jury insofar as the settlement was in Australian dollars. It will remain misleading even to refer to the settlement as being '750,000 Australian dollars.' Centralian should be compelled to produce competent evidence of the appropriate exchange rate and all references to monies paid should be in United States dollars."

GRANTED in PART and DENIED in PART. The parties are instructed that anytime a reference is made to an amount in Australian dollars, it must be made clear that the denomination is in Australian dollars. In addition, the temporally relevant exchange rate and the conversion amount in United States dollars must be provided.

<u>Maverick's Motion in Limine No. 7</u>: "Throughout this litigation Centralian has asserted the attorney client privilege as to the 2014 claim. As such, any attempt by Centralian to introduce evidence (documentary or testimony) by waiving the privilege or by making a general statement that 'this is what the lawyers told us to do' would be improper and should not be allowed."

GRANTED.

---

[1] Maverick listed the following subjects in its Motion in Limine No. 5:
a. The nature of the "leak(s)" in the Modified Valves;
b. The insignificance or severity of the "leak(s)" in the Modified Valves;
c. The Australian law and regulations applicable to the use of Valves by SEA Gas;
d. The nature of any report to or response of the Australian authorities or regulators respecting the Modified Valves;
e. The (alleged) obligation, without alternative, on the part of SEA Gas to remove the valves from service; and
f. The damages suffered by SEA Gas, such as repair costs, attorneys fees, or the like.

Maverick's Motion in Limine No. 8: "There should be no evidence or argument regarding Maverick's document retention policies or any statement or argument alleging that Maverick has failed to produce appropriate paperwork or has withheld any file material in this matter. Centralian has previously made these arguments to the Court in their Motion to Compel, Dkt. #38. Magistrate Judge Hawthorn heard argument on the motion and ruled thereafter in Dkt. #47 in August 2017. If Centralian had harbored any ongoing concerns, they should have been addressed in further motion to the Court. It would be inappropriate to argue discovery matters to the jury or to allege that Maverick has failed to comply with its obligations or a Court Order.

DENIED. No reference, however, shall be made to the court's prior order.

Maverick's Motion in Limine No. 9: "There should be no attempt to introduce or refer to communications between counsel relating to this lawsuit, or to any party's willingness or unwillingness to offer any amount in compromise of the suit."

GRANTED, as unopposed.

Maverick's Motion in Limine No. 10: "There should be no reference to any other claim or lawsuit against Jerry Nelson or Maverick International, Ltd., nor should there be any reference to allegedly dissatisfied customers or business partners, as the probative value of such evidence would be substantially outweighed by its prejudicial effect and likelihood of confusion of the jury and lengthening of the trial."

GRANTED, as unopposed.

Maverick's Motion in Limine No. 11: "There should be no reference or argument regarding the fact that Centralian was or was not insured for the claim made against it by SEA Gas."

GRANTED, as unopposed.

Maverick's Motion in Limine No. 12: "There should be no mention or argument that Glen Morgan has or has had any type of ownership or management interest in Defendant."

GRANTED, as unopposed.

Maverick's Motion in Limine No. 13: "There should be no mention or argument that the law firm of Reaud, Morgan & Quinn or the lawyers trying the case are more commonly representing Plaintiffs and that as such they should not be heard to argue that a jury should find against a Plaintiff or find damages to be zero or minimal; or that 'in other cases like this they would be asking for (or have asked for) much more than Centralian is asking for here'; or that they are being hypocritical for making arguments on limitations grounds when they have in the past sought to overcome limitations defenses; or other commentary along those lines."

GRANTED, as unopposed.

Maverick's Motion in Limine No. 14: "There should be no argument or suggestion that Centralian was required to bring this suit in the US; or that Maverick could have asserted (successfully or not) any challenge to jurisdiction in an Australian court; or that Centralian has 'done a favor for Maverick' or 'gone the extra mile' by filing suit in Texas; or any similar argument."

DENIED. Statements that Centralian has "done a favor for Maverick" or "gone the extra mile," or similar remarks, however, shall not be made.

Maverick's Motion in Limine No. 15: "Plaintiff's Motion in Limine point 17 seeks to preclude expert testimony on any matter not specifically identified in his written report. Defendant does not believe this to be proper, as it is common and entirely regular for experts to express

opinions in deposition that are related to, but not explicitly contained, in their expert report. However, solely in the event that Plaintiff's Motion in Limine point 17 might be granted, in whole or in part, Defendant would then assert that 'what is sauce for the goose is sauce for the gander' and that Plaintiff's experts similarly be precluded from offering any expert testimony not specifically set forth in their pre-deposition reports."

GRANTED. Neither party shall offer any expert testimony not specifically set forth in the relevant expert's report.

Maverick's Motion in Limine No. 16: "There should be no argument to the jury regarding the effect of their answers, nor any argument or suggestion that if they answer one question a certain way it will have the effect of negating their response to another question that they have previously answered or that will have the effect of causing them to have wasted their time deliberating over previous questions, or words to that effect."

GRANTED, as unopposed.

Maverick's Motion in Limine No. 17: "There should be no attempt to introduce expert testimony on any issue not addressed either in a party's expert report or adduced in the course of the expert's deposition."

GRANTED, as unopposed.

IV. Conclusion

In accordance with the forgoing, the parties' Motions in Limine are GRANTED in PART and DENIED in PART.

**Signed this date**

**Aug 28, 2018**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE