IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CENTRALIAN CONTROLS PTY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> MAVERICK INTERNATIONAL, LTD., <br><br> Defendant. | No.1:16-CV-00037-ZJH |

## FINAL JUDGMENT

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, the Local Rules of the United States District Court for the Eastern District of Texas, Appendix B, and order of the District Court, this matter is before the undersigned United States Magistrate Judge for all proceedings and entry of judgment in accordance with the consent of the parties. Pending before the court is Plaintiff Centralian Controls Pty, Ltd.'s (Centralian) "Motion for Final Judgment." Doc. No. 188. This case was tried to a jury from April 29, 2019 to May 3, 2019, and submitted to a jury on May 3, 2019. The jury questions and answers were as follows:

**Question No. 1**

Did Maverick commit fraud against Centralian?

  Answer "Yes" or "No."

    _____Yes_____

**Question No. 2**

Did Maverick commit fraud by nondisclosure against Centralian?

  Answer "Yes" or "No."

    _____Yes_____

**Question No. 3**

Did Maverick make a negligent misrepresentation on which Centralian justifiably relied?

      Answer "Yes" or "No."

      _____Yes_____


If you answered "No" to Question Numbers 1, 2, and 3, do not answer the remaining Questions. Instead, proceed to the last page and the foreperson shall date and initial the verdict form. Otherwise, proceed to Question Number 4.

**Question No. 4**

If you answered "Yes" to Question Number 1, answer this Question. If you answered "No," skip to Question Number 5.

By what date should Centralian, in the exercise of reasonable diligence, have discovered the fraud of Maverick which supported your "yes" answer to Question No. 1?

      Answer with a date in the blank below:

      Answer: _____February 14, 2014[1]_____


**Question No. 5**

If you answered "Yes" to Question Number 2, answer this Question. If you answered "No," skip to Question Number 6.

By what date should Centralian, in the exercise of reasonable diligence, have discovered the fraud by nondisclosure of Maverick which supported your "yes" answer to Question No. 2?

      Answer with a date in the blank below:

      Answer: _____February 14, 2014[2]_____

---

[1] The jury wrote "Feb 14-14" in this blank, and the Court confirmed this meant February 14, 2014.

[2] *Id*.

**Question No. 6**

If you answered "Yes" to Question Number 3, answer this Question. If you answered "No," skip to Question Number 7.

By what date should Centralian, in the exercise of reasonable diligence, have discovered the negligent misrepresentation of Maverick which supported your "yes" answer to Question No. 3?

>Answer with a date in the blank below:
>
>Answer: _____February 14, 2014[3]_____


**Question No. 7**

If you answered "Yes" to Question Number 1, answer this Question.  If you answered "No" to Question Number 1, skip to Question Number 9.

Did Maverick fraudulently conceal from Centralian the facts necessary for Centralian to know it had a cause of action?

>Answer "Yes" or "No."
>
>Answer: _____Yes_____

**Question No. 8**

If you answered "No" to Question Number 7, skip to Question Number 9. If you answered "Yes" to Question Number 7, by what date did Centralian discover, or could have discovered with reasonable diligence, the fraudulent concealment?

>Answer by stating a date below:
>
>Answer: _____February 14, 2014[4]_____

---

[3] *Id.*

[4] *Id.*

**Question No. 9**

If you answered "Yes" to Question Number 2, answer this Question.  If you answered "No" to Question Number 2, skip to Question Number 11.

Did Maverick fraudulently conceal from Centralian the facts necessary for Centralian to know it had a cause of action?

  Answer "Yes" or "No."

  Answer: _____Yes_____


**Question No. 10**

If you answered "No" to Question Number 9, skip to Question Number 11. If you answered "Yes" to Question Number 9, by what date did Centralian discover, or could have discovered with reasonable diligence, the fraudulent concealment?

  Answer by stating a date below:

  Answer: _____February 14, 2014[5]_____


**Question No. 11**

If you answered "Yes" to Question Number 3, answer this Question.  If you answered "No" to Question Number 3, skip to Question Number 13.

Did Maverick fraudulently conceal from Centralian the facts necessary for Centralian to know it had a cause of action?

  Answer "Yes" or "No."

  Answer: _____Yes_____

---

[5] *Id.*

**Question No. 12**

If you answered "No" to Question Number 11, skip to Question Number 13.  If you answered "Yes" to Question Number 11, by what date did Centralian discover, or could have discovered with reasonable diligence, the fraudulent concealment?

>Answer by stating a date below:
>
>Answer: _____February 14, 2014[6]_____

**Question No. 13**

If you answered "Yes" to Questions 1, 2, or 3, answer this Question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Centralian for its damages, if any, that resulted from Maverick's fraud?

Consider the following element of damages, if any, and none other.

*Settlement Damages*

>a. A reasonable settlement amount of the SeaGas claim.

Do not speculate about what any party's ultimate recovery may or may not be.  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.  Do not add any amount for interest on damages, if any.

>Answer: _____$527,485.14_____

**Question No. 14**

If you answered Question Number 13, what is the amount, if any, that you find Centralian could have avoided or minimized by exercising reasonable care?

Answer separately in dollars and cents, if any.

>1. Damages that could have been minimized or avoided.
>
>Answer: _____0_____

---

[6] *Id.*

**Question No. 15**

If you answered "Yes" to Question Numbers 1 or 2, answer this Question. If you answered "No" to Question Numbers 1 and 2, skip to Question Number 17.

Do you find by clear and convincing evidence that the harm to Centralian resulted from fraud in Questions 1 or 2?

    Answer "Yes" or "No."

    Answer: _____Yes_____


**Question No. 16**

If you answered "Yes" to Question Number 15, answer this Question.

What sum of money, if any, if paid now in cash, should be assessed against Maverick and awarded to Centralian as punitive damages, if any, for the conduct found in response to Question Number 15?

    Answer separately in dollars and cents for damages, if any.

    Answer: _____$1,000,000_____

**Question No. 17**

Do you find that any of the below listed parties were negligent, which negligence was a proximate cause of Centralian's damages, if any, or otherwise contributed to the damages, if any, of Centralian that you have found resulted from your answer to Question Number 9?

Answer "Yes" or "No."

    a. Sea Gas         Yes

    b. James Medford/Inspection Associates         No

    c. T3         Yes

    d. Tom Stockton/THP         Yes

    e. Ottoway Engineering         Yes

    f. Centralian         No

    g. GPA Engineering         Yes

"**Negligence**," means failure to use ordinary care that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"**Ordinary care**," means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"**Proximate cause**" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

**Question No. 18**

If you answered "Yes" for any blank in Question Number 17, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the damages, if any, suffered by Centralian. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessary measured by the number of acts or omissions found. For each person you find caused or contributed to cause the damages, if any, suffered by Centralian, find the percentage of responsibility attributable to each:

| | | |
|---|---|---|
| a. | SEA Gas | 1% |
| b. | James Medford/Inspection Associates | --- |
| c. | T3 | 20% |
| d. | Tom Stockton/THP | 2% |
| e. | Ottoway Engineering | 1% |
| f. | Centralian | ---- |
| g. | Maverick | 75% |
| h. | GPA Engineering | 1% |
| | Total: | 100% |

Based on the verdict of the jury, it is, therefore, **ORDERED** that judgment is **GRANTED** in flavor of Plaintiff and against Defendant Maverick International, Ltd. (Maverick) on claims of fraud, fraud by nondisclosure, and negligent misrepresentation of contracts.

It is further **ORDERED** that judgment is **AWARDED** in favor of Centralian and against Maverick for compensatory damages in the amount of $527,785.14.

It is further **ORDERED** that judgment is **AWARDED** in favor of Centralian and against Maverick for prejudgment interest on the compensatory damages in the amount of $95,062.91

through May 23, 2019, and $79.48 per day thereafter until the day prior to the date the judgment is signed.

It is further **ORDERED** that judgment is **AWARDED** in favor of Centralian against Maverick for punitive damages in the amount of $1,000,000.

This is a final judgment. The Clerk shall enter this Order and provide a copy to all parties.

SIGNED this 29th day of August, 2019.

_____
Zack Hawthorn
United States Magistrate Judge